UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  2:12-cr-7-FtM-29DNF

ROBERT RUSSELL MATCOVICH
_____

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

On February 1, 2012, defendant Robert Russell Matcovich (defendant or Matcovich) was named in a two-count Indictment (Doc. #12) returned in the Fort Myers Division of the Middle District of Florida. Count One charged that from on or about December 12, 2011 until December 13, 2011, defendant knowingly distributed child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count Two charged that from November 27, 2011 until December 15, 2011, defendant knowingly possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). On July 10, 2012, defendant signed a written Waiver of Right to Trial By Jury and Request For Specific Findings of Fact (Doc. #52), and the Court conducted a bench trial. Below are the Court's findings of fact and conclusions of law.

**I.**

In December 2011, Federal Bureau of Investigation (FBI) Task Force Officer Patricia Enterline was conducting an undercover investigation over the internet using peer-to-peer software.

(Gov't Exh. 8, p. 2.)  Officer Enterline observed an IP address of 98.238.111.65, geo-located to the State of Florida, and viewed a list of available files, several of which had filenames consistent with child pornography.  Id.  On December 12 and 13, 2011, Officer Enterline directly connected with the computer whose IP address was 98.238.111.65 and downloaded three single source files.  Id.  Each of these files, contained on Government's Exhibit 2, contains an image of child pornography, more fully described in Government's Exhibit 8, Stipulated Facts For Bench Trial, on page 3.  IP address 98.238.111.65 was owned by the Internet Service Provider (ISP) Comcast, a nationwide internet service provider.  (Gov't Exh. 8, p. 3.)  The subscriber of IP address 98.238.111.65 at the time of the downloads by Officer Enterline was Robert Saylor, with a service address of 423 Avalon Drive, Cape Coral, Florida.  (Id., p. 4.)

On January 11, 2012, Officer Enterline obtained a federal search warrant for 423 Avalon Drive, Cape Coral, Florida. Government's Exhibit 1.  On January 19, 2012, the search warrant was executed by federal and local law enforcement officers.  (Gov't Exh. 1.)  At the time of the search warrant execution, there were eight individuals in the house, although defendant was found to be the sole occupant of the second floor of 423 Avalon Drive.  In the second floor bedroom space occupied by Matcovich the officers found a Hewlett Packard computer tower, model number S7320N and serial number CNH603129R.  During the execution of the search warrant,

officers interviewed Matcovich, who provided the following statement: Matcovich had lived at 423 Avalon Drive for approximately the last six years, and has been addicted to pornography since approximately 1993. This lead him to other forms of pornography, including child pornography. His addiction to child pornography has grown since 2002, and in the past few years he started using peer-to-peer file transferring applications such as Limewire and Frostwire. Matcovich was shown the images Officer Enterline had downloaded on December 12 and 13, 2011, and recognized one of the images of child pornography as being one he previously downloaded to and viewed on his computer. (Gov't Exh. 8, pp. 5-6.) Matcovich said that over the last ten years he had seen thousands of images of child pornography. (Id., p. 8.) A January 19, 2012, forensically sound preview of that computer revealed over 20 visual images of child pornography. (Gov't Exh. 9, p. 8.) A June 6, 2012, forensic examination located 830 images on the computer, of which 228 were images of child pornography. (Gov't Exh. 8, pp. 8-9; Gov't Exh. 4.)

## II.

Count One charged that from on or about December 12, 2011 until December 13, 2011, defendant knowingly distributed child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). In relevant part, 18 U.S.C. § 2252 provides:

(a) Any person who—

>    ...
>
>    (2) knowingly . . . distributes, any visual depiction ... that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution ... in or affecting interstate or foreign commerce or through the mails, if—
>
>    >    (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>    >
>    >    (B) such visual depiction is of such conduct;
>    >
>    >    ...
>
>    shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252. Defendant knowingly distributed child pornography on December 12 and 13, 2011 by allowing his peer-to-peer application to share his child pornography with another, in this case Officer Enterline. The evidence submitted to the Court, including the Stipulated Facts for Bench Trial, Government Exhibit 8, establish that the government has proven all the elements of Count One beyond a reasonable doubt. The Court finds defendant guilty of Count One.

Count Two charged that from November 27, 2011 until December 15, 2011, defendant knowingly possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). In relevant part, § 2252(a)(4)(B) provides

>    (a) Any person who--

. . .

(4). . .

(B) knowingly possesses . . . 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--

   (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

   (ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(a)(4)(B). The evidence submitted to the Court, including the Stipulated Facts for Bench Trial, Government Exhibit 8, and Government Exhibit 4, establish that the government has proven all the elements of Count Two beyond a reasonable doubt, including that Defendant possessed the child pornography found on the computer seized pursuant to the Search Warrant. The Court finds defendant guilty of Count Two.

Accordingly, it is now

**ORDERED:**

1. For the reasons set forth above, the Court adjudicates defendant guilty of Count One and Count Two of the Indictment in this case.

2. Sentencing shall be scheduled by separate document, and a Presentence Report shall be prepared.

3. The Clerk of the Court shall maintain Government Exhibits 2, 3, and 6 under seal as these exhibits contain images of child pornography.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of July, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
DCCD